James P. MITCHELL, Secretary of
Labor, United States Depart-
ment of Labor, Plaintiff,

v.

L. W. FOSTER SPORTSWEAR COM-
PANY, Inc., a corporation,

and

Louis W. Foster and Howard S. Foster,
individually, Defendants.

Civ. A. 21029.

United States District Court
E. D. Pennsylvania.
March 7, 1957.

Ernest N. Votaw, Philadelphia, Pa., for plaintiff.

Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendants.

GRIM, District Judge.

The defendant corporation makes men's wearing apparel in the City of Philadelphia. The individual defendants, father and son, are officers of the corporation and had exclusive control over the management and operations of the corporation, regulating the employment of its more than 300 employees.

The Secretary of Labor has brought this action to enjoin the defendants from violating provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., relative to overtime pay, record keeping, and delivery or sale of goods produced by employees employed in violation of the act.

■ The individual defendants contend that the complaint should be dismissed as to them for the reason that they are not "employers" within the meaning of the Act. Section 3(d) of the Act, 29 U.S.C.A. § 203(d), provides: " 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee. * * *" It is not disputed that the defendant corporation was an employer under the act. Certainly the individual defendants in regulating the employment of the employees were acting in the interest of the corporation in relation to an employee. Hertz Drivurself Stations, Inc., v. United States, 8 Cir., 1945, 150 F.2d 923.

■ · The individual defendants have also moved to dismiss the complaint as to them on the ground that they did not engage in business individually or act as employers individually, but acted only as agents of the corporate defendant. Concern was expressed that they might remain subject to mandatory provisions of an injunction, requiring, for example, the keeping of records, at a time after they might sever their connection with the corporation.

As I view the problem posed by the individual defendants it boils down to a question of the careful drafting of the injunction, if one be granted, and is a problem that can best be dealt with when the time comes for a decision on the merits.

The motion to dismiss is denied.